WM. PUCKETT v. HIRAM JENKINS AND WIFE, et al.

1. SALE OF LAND BY CHANCERY COURT. *Party procuring sale cannot be relieved of his purchase.* *When.* A party who has procured a sale of land by a Chancery Court, and been allowed to purchase under said sale, cannot come into the same Court by bill and ask to be relieved of his purchase on the ground of errors in the proceedings, if those errors are denied by answer, without showing that they exist.

2. SAME. *Presumptions of law.* A party asking the recision of such a sale must prove the errors complained of, as the presumption of law is in favor of the validity of such a sale.

Cases cited: Boyer v. Porter, 1 Tenn., 258; Mullens v. Aikens, 2 Heisk., 542.

3. SAME. *Judgment by motion on sale notes.* *Parties to the original proceeding.* *No revivor necessary.* *When.* Where the Clerk of the Chancery Court takes judgment by motion on sale notes for land sold under decrees of the Court, such judgment is only an incidental proceeding, and the failure to revive the suit against the representatives of persons who were parties to the original bill will not affect the validity of such a proceeding.

FROM RUTHERFORD.

Appeal from the Chancery Court.    JNO. P. STEELE, Chancellor.

CHAS. READY for Puckett.

E. A. KEEBLE for Jenkins.

FREEMAN, J., delivered the opinion of the Court.

This bill is filed by W. A. Puckett to enjoin a judgment against him and his sureties, on notes given for purchase of land sold by order of the Chancery Court of Rutherford county, and to have said sale set aside. The land was ordered to be sold on bill filed by complainant and Benjamin F. Puckett, executors of the will of Charles Puckett, deceased, for partition, or distribution of the proceeds among the legatees of said

Charles Puckett.    The sale was made by the Clerk and
Master, in December, 1859.

The bill charges that the title obtained by com-
plainant will be defective by reason of certain defects
in the proceedings under which the sale was ordered.

First, it is alleged that some ten of the heirs or
legatees were not properly before the Court; that the
minors among said legatees did not have *guardians' ad
litem* legally appointed for them; and those who had
regular guardians did not have answers filed for them.

These, with all similar allegations, are denied by the
defendants who answered the bill, and the minutes of
the Court are referred to as remaining in Court, reciting
all the facts necessary to the entire regularity of the
proceedings, the papers in the cause having been lost
or destroyed during the war.    But on looking into the
record before us, we find none of the proceedings in the
original case, nor anything from which we can see
whether the proceedings were regular or otherwise.    The
case stands thus: A party who has procured a sale of
land by a Court of Chancery, and been allowed to pur-
chase under said sale, comes into the same Court by
bill, and asks to be relieved of his purchase on the
grounds of errors in the proceedings—charges certain
specific errors, and when these are all denied, goes to
trial without presenting the slightest proof of his alle-
gations, and then asks that a decree annulling the sale
be made in his favor.

We do not think this can be done under any sound
principle known to us.    If the defects charged really

were known to exist, the complainant, who was party to the proceedings, and complainant in it, could as well show them as the defendants.    He has alleged them as the ground for the relief he seeks, and having an equal opportunity to show them as the defendant, it is no hardship on him that he shall be required to do so in a case like the present.    It is urged that this is to require him to prove a negative.    We do not think so; he has affirmed the existence of defects in a judicial proceeding, which, if they exist, will appear by reference to the proceedings on file or of record in Court.    We cannot presume in his favor that such defects exist, nor give him a decree because defendants do not furnish contradictory proof of his allegations.    The fair presumption of law is in favor of the regularity of the proceedings of all Courts of general jurisdiction; and when a sale is attacked as invalid, made under the authority of · such a Court, it is but fair that the party maintaining this proposition should be required to show the invalidity by presenting the defect to the Court.    The defendants have, however, complied with the general rule in cases of private sales, when the vendee seeks to enjoin the purchase money and have sale rescinded, on an allegation that the vendor had no title.    He has referred to matters of record as existing in the Court when the bill was filed, which, if true, meet the objections taken to the proceedings by complainant in his bill.    This was sufficient, and complainant was then bound to point out and show defects existing in the records referred to, which were fatal to the bill.    *Boyer*

v. *Porter*, 1 Tenn. R. (Coop. Ed.), 258; *Mullens, et als.*, v. *Aikens*, 2 Heisk., 542.

There might be other reasons which would preclude the complainant from the relief sought on this ground, but we need not further discuss the question, as we are well satisfied that in no aspect of the case, on this question, is he entitled to the relief sought.

It is insisted, however, that the judgment by motion on the notes for the purchase money given to the Clerk and Master is void, because several of the defendants to the original proceeding had died previous to taking said judgment in favor of the Master, and the suit had not been revived in the name of their representatives. This objection is not well taken. The judgment on the note is only an incidental proceeding in the cause, by way of effectuating the sale made by the Court, and getting the purchase money into Court for distribution. The defendant legatees who were entitled ultimately to the funds, were not necessary parties to the proceedings under the motion. No decree could have been given against them in that case. The Clerk, as the officer of the Court, only asked the aid of the Court to collect the notes given at the sale. This cannot affect the validity of the judgment on the notes.

The other ground stated in the bill of employment of puffers to bid at the sale, is not made out by the proof. On the whole case, without further discussion, we can see no possible ground on which to say the Chancellor erred in dismissing complainant's bill, and affirm his decree with costs.